IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERNON HAMPTON,  Case No.:
    Plaintiff,

v.

HON. SCOTTY RHODEN, in his
official capacity as Sheriff of Baker
County, PAYTON PRESCOTT, in his
individual capacity,
    Defendants.
_____

**COMPLAINT FOR DAMAGES**

Plaintiff VERNON HAMPTON sues Defendants and allege as follows:

### Jurisdiction and Venue

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of violations of the fourth and fourteenth amendments to the Constitution of the United States.

2. The jurisdiction of the Court is founded upon 28 U.S.C. § 1343(3) and (4).

3. All Defendants are found within the venue of this Court.

4. All conditions precedent to this suit have been complied with or waived.

### Parties

5. At all times material hereto, Plaintiff VERNON HAMPTON was a citizen of the United States, and resident of Florida.

6. Defendant SHERIFF SCOTTY RHODEN is a constitutional officer under Florida Law, with the duty to establish the policies, practices, and regulations for the conduct of the Baker County Sheriff's Office (BCSO) and its employees. Defendant RHODEN is sued in his official capacity.

7. At all times material hereto, Defendant PAYTON PRESCOTT, was a Deputy Sheriff employed by Defendant RHODEN.

8. At all times relevant hereto and in all of their actions described herein, all defendants acted under color of law and within the scope of their employment.

## Common Allegations of Fact

9. On March 13, 2022, Plaintiff was driving with his girlfriend, Nafeesha K-Quanique, in Baker County, Florida.

10. On that evening, Plaintiff was arrested for reckless driving.

11. Plaintiff was subsequently transported to the Baker County Detention Center by Deputy Payton Prescott.

12. Once at the detention center and prior to Plaintiff being booked into the jail, Plaintiff was taken to the ground by several deputies.

13. While on the ground, Deputy Prescott is at Plaintiff's head area.

14. Deputy Prescott punched Plaintiff with a closed fist at least once while Plaintiff was on the ground and defenseless.

15. Deputy Prescott then commenced to deliver several knee strikes to Plaintiff's

head.

16. After delivering the knee strikes, Deputy Prescott lifts Plaintiff's head off the ground and slammed it to the ground.

17. After Plaintiff was secured, Deputy Prescott lifted Plaintiff from the ground by his hair.

18. Plaintiff was then placed in a restraint chair, where he remained for several hours and was not booked into the Baker County Detention Center until the following day.

19. Deputy Prescott was subsequently arrested and charged with battery.

20. Deputy Prescott plead no contest to battering Plaintiff.

21. As a direct and proximate result of the wrongful acts alleged above, Plaintiff Vernon Hampton suffered bodily injury and resulting pain and suffering, medical costs, mental anguish, loss of capacity for the enjoyment of life, loss of ability to enjoy life. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

## Causes of Action

### Count I:  Violation of Constitutional Rights of Vernon Hampton under 42 U.S.C. 1983 Action against Defendant Prescott

22. Plaintiff realleges the Common Allegations as if fully set forth herein.

23. Defendant Prescott used excessive force against Vernon Hampton in violation of the Fourth Amendment to the U.S. Constitution and in retaliation for his

exercise of his First Amendment rights of freedom of expression.

WHEREFORE, Plaintiff demands judgment as noted below.

### Count II:   42 U.S.C. 1983 Action against Defendant Rhoden

24. Plaintiff realleges the Common Allegations as if fully set forth herein.

25. Defendant Sheriff Scotty Rhoden is responsible for the oversight and control of the acts, customs and policies of his officers, agents, and employees.

26. The complained of actions and behavior of Defendant Payton Prescott occurred while Defendant Prescott was on duty and working as a deputy sheriff with the Baker County Sheriff's Office.

27. Prior to the incident sued upon, Defendant Rhoden failed to properly train, supervise, discipline, or control, his officers, or properly investigate complaints, such that the abuses suffered by Plaintiffs were substantially certain to occur.

28. Defendant Rhoden was aware that Defendant Prescott had violated constitutional rights of arrestees on other occasions but affirmed and promoted him thereby approving and directing Defendant Prescott's wrongful acts.

29. The failure of Defendant Rhoden to train, supervise, and discipline his officers, or investigate complaints, and his affirmation and promotion of Defendant Prescott directly caused and was the reasonably foreseeable cause of the deprivation of Plaintiff's constitutional rights and his injuries.

WHEREFORE, Plaintiffs demand judgment as noted below.

### Prayer For Relief

WHEREFORE, Plaintiff prays for the following relief:

A. judgment against Defendants for compensatory damages;

B. judgment against Defendants named individually for punitive damages;

C. judgment for reasonable attorneys' fees and costs;

D. a jury trial on all issues so triable;

E. such further relief as is equitable and just.

                                                Respectfully Submitted,

*s/Mutaqee Akbar*
MUTAQEE AKBAR
Florida Bar Number 0819583
Akbar Thomas
619 North Copeland Street
Tallahassee, Florida 32304
(850) 383-0000; 561-6900fax
M.Akbar@AkbarThomas.com