UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**VERNON HAMPTON,**

    **Plaintiff,**

v.    Case No.: 3:24-cv-01010-WWB-PDB

**HON. SCOTTY RHODEN, in his official capacity as Sheriff of Baker County, PAYTON PRESCOTT, in his individual capacity,**

    **Defendants.**
_____/

## MOTION TO DISMISS

Defendant, Hon. Scotty Rhoden, in his official capacity as Sheriff of Baker County, ("Sheriff Rhoden" or "Defendant"), through undersigned counsel, and pursuant to *Fed. R. Civ. P.* 12(b)(6), moves to dismiss Count II of Plaintiff's Complaint (ECF. 1). In support, Sheriff Rhoden states:

1. On September 28, 2024, Plaintiff initiated this action in this Court against Sheriff Rhoden, in his official capacity, and Payton Prescott, a former deputy, in his individual capacity. This case stems from Mr. Prescott's use of force on Plaintiff in March 2022.

2. Both Counts within the Plaintiff's Complaint allege claims under 42 U.S.C. § 1983. Count I alleges a claim against Mr. Prescott while Count II alleges a claim against Sheriff Rhoden, in his official capacity.

3. Count II should be dismissed because Plaintiff has failed to allege sufficient facts to state a plausible claim for liability under Section 1983. Legal conclusions and

unsupported conjecture cannot substitute for actual facts, and Plaintiff's Complaint, absent the conjecture and opinion, is inadequate. In addition, under Section 1983, Sheriff Rhoden cannot be held liable on the basis of *respondeat superior*.

## MEMORANDUM OF LAW

This case involves the arrest of Plaintiff by former deputy Prescott. After Prescott transported Plaintiff to the Baker County Detention Center but prior to booking, Prescott allegedly "punched Plaintiff with a closed fist at least once while Plaintiff was on the ground and defenseless." (ECF. 1, ¶¶ 11-14). Prescott also delivered several knee strikes to Plaintiff's head and lifted Plaintiff's head off the ground and slammed it to the ground. (ECF. 1, ¶¶ 15-16). Prescott was subsequently arrested and charged with battery to which he entered a plea of no contest. (ECF. 1, ¶¶ 19-20).

As it concerns Sheriff Rhoden, the pertinent allegations are:

25. Defendant Sheriff Scotty Rhoden is responsible for the oversight and control of the acts, customs and policies of his officers, agents, and employees.

26. The complained of actions and behavior of Defendant Payton Prescott occurred while Defendant Prescott was on duty and working as a deputy sheriff with the Baker County Sheriff's Office.

27. Prior to the incident sued upon, Defendant Rhoden failed to properly train, supervise, discipline, or control() his officers, or properly investigate complaints, such that the abuses suffered by Plaintiffs (sic) were substantially certain to occur.

28. Defendant Rhoden was aware that Defendant Prescott had

violated constitutional rights of arrestees on other occasions but affirmed and promoted him thereby approving and directing Defendant Prescott's wrongful acts.

29.  The failure of Defendant Rhoden to train, supervise, and discipline his officers, or investigate complaints, and his affirmation and promotion of Defendant Prescott directly caused and was the reasonably foreseeable cause of the deprivation of Plaintiff's constitutional rights and his injuries.

(ECF. 1, ¶¶ 25-29). Notably, there are no facts alleged in the paragraphs preceding those quoted above regarding any prior incidents involving Prescott or any other deputy.

### A.  Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also*

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[;]" *Twombly*, 550 U.S. at 555 (citation omitted); and requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, . . . (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca–Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit adopts "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

### B. <u>Section 1983 Liability</u>

Count II of Plaintiff's Complaint attempts to state a claim against Sheriff Rhoden under 42 U.S.C. §1983. Although the Sheriff is subject to suit under Section 1983, by suing Sheriff Rhoden in his official capacity, Plaintiff's claim is against the entity for which he serves as an agent, namely, the Baker County Sheriff's Office. *Kentucky v. Graham*,

473 U.S. 159, 165-66 (1985); *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978); *Busby City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *and see Bowman v. Hunter,* No.: 3:22-cv-545-MMH-MCR, 2023 WL 2561335, *4 (M.D. Fla. Mar. 17, 2023).

1. *Monell* **Liability**

The Supreme Court has mandated that lower courts "remain vigilant in policing the boundaries separating tort law from constitutional law." *Harris by & through Davis v. Autry*, No. 20-13480, 2022 WL 392169, at *8 (11th Cir. Feb. 9, 2022) (*citing Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1379 (11th Cir. 2002). Because a local governmental entity cannot be held liable on the basis of *respondeat superior* under Section 1983, courts must ensure that tort claims disguised as constitutional violations are exposed and rejected. *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (*citing Monell*, 436 U.S. at 692); *St. Louis v. Praprotnik*, 485 U.S. 112, 121–22 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478–81 (1986); *Monell*, 436 U.S. at 690, 694 (holding "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *see also Iqbal*, 556 U.S. at 677 (noting that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *and see Bowman, supra* at *4 ("The Supreme Court of the United States has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions.").

Instead, "[t]o impose liability on a government entity, the plaintiff must show '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Jennings v. Stewart*, 461 F. Supp. 3d 1198, 1200 (N.D.

Fla. 2020), *quoting McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "[R]ecovery from a municipality is limited to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur*, 475 U.S. at 480. This liability can only attach if the constitutional injuries resulted from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law. *Monell,* 436 U.S. at 694.

a. Policy or Custom

Under *Monell,* a governmental entity may only be sued under section 1983 when a plaintiff's injuries are caused by an official policy of the municipality. Thus, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citation omitted). A plaintiff "has two methods by which to establish a county's policy: either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (citations omitted); *see also Ingram v. Adkinson*, Case No. 3:23cv18414-TKW-ZCB, 2024 WL 1846387, *4 (N.D. Fla. April 23, 2024). "Under either avenue, a plaintiff (1) must show that the local governmental entity . . . has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Id*. at 1330 (emphasis added). A plaintiff must also demonstrate "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between

the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. "Rigorous standards of culpability and causation must be applied to ensure that the [local governmental entity] is not held liable solely for the actions of its employee." *Id*. at 405.

"To establish the existence of a custom, the plaintiff must show a longstanding and widespread practice." *Marantes v. Miami-Dade Cty.*, 649 Fed.Appx. 665, 672 (11th Cir. 2016) (internal quotation marks omitted) (quoting *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). Thus, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom…" *Myrick v. Fulton County, Georgia*, 69 F.4th 1277, 1299 (11th Cir. 2023) (quoting *Craig*, 643 F.3d at 1311 (alteration added). Rather, "considerably more proof than [a] single incident [is] necessary." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) (alterations added).

Here, Plaintiff has employed a theory of vicarious liability and used conclusory rather than factual allegations to support his claim against Sheriff Rhoden. Without underlying factual support, however, his claim is inadequate as a matter of law.

b. Failure to Train

In lieu of alleging a policy or custom, a plaintiff may invoke the narrower "failure to train" theory of liability. However, the circumstances giving rise to liability under such a theory are quite limited: a plaintiff must allege facts demonstrating "deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (alteration added; footnote call number omitted). To show "deliberate indifference," a plaintiff must allege **facts** showing "the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold*, 151 F.3d at 1350

7

(citations omitted).

The Eleventh Circuit "repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id*. at 1351 (footnote call number omitted). Instead, the failure to train must be a conscious or deliberate choice by the Sheriff for liability to attach. *Jennings*, 461 F. Supp. 3d at 1201 (*citing City of Canton*, 489 U.S. at 388). The Plaintiff must allege facts that the Sheriff "knew of a need for training or supervision but deliberately decided against taking action." *Jennings*, 461 F. Supp. 3d at 1201 (*citing Connick v. Thompson*, 563 U.S. 51, 62, (2011)). Indeed, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, *id*. Additionally, the deficient training of one officer is not sufficient to meet this standard; rather the deficiency must be widespread and closely related to the plaintiff's injury. *See City of Canton*, 489 U.S. at 390–91.

A claim of deliberate indifference premised on a failure to train or supervise usually requires a showing of "a widespread pattern of similar constitutional violations by untrained employees." *Mingo v. City of Mobile*, 592 Fed.Appx. 793, 799 (11th Cir. 2014). "Prior incidents ... must involve facts substantially similar to those at hand in order to be relevant to a deliberate-indifference claim." *Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013) (alteration added) (*citing Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005); *Gold*, 151 F.3d at 1351).

In addition, "[w]here a municipality's failure to train or supervise its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants, such

8

a shortcoming may constitute a policy or custom actionable under [§] 1983." *Shehada*, 965 F. Supp. 2d at 1373 (*citing City of Canton*, 489 U.S. at 389). Such liability attaches where a municipality "inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Gold*, 151 F.3d at 1350 (*citing City of Canton*, 489 U.S. at 389–91). To establish deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id*. at 1350.

Here, there are no factual allegations to support the conclusory recitations that the Sheriff or his office knew of a need and/or failed to train or supervise in a particular area. Again, the use of legal lingo and formulaic recitations from Section 1983 horn books will not make the grade.

In *Bowman v. Hunter, supra,* the plaintiff claimed that his apprehension by a canine while officers maintained him at gunpoint violated his civil rights. As to his sole Section 1983 claims against the Sheriff, the plaintiff alleged the Sheriff failed to properly train and/or supervise his officers in how to deal with non-threatening eyewitnesses being arrested and "those who are non-violently not complying" with police commands. *Id*., at *3. The plaintiff also claimed the Sheriff failed to train and supervise officers in detaining individuals and properly using force. In granting the Sheriff's motion to dismiss the court noted that Plaintiff had failed to allege "that the Sheriff provided no training at all," "failed to implement any training in an area where it was patently obvious that constitutional violations would occur without training," or "a pattern of misconduct that would put the Sheriff on notice that the existing training programs were inadequate." *Id*., at *6. In fact,

9

the Court pointed out that plaintiff there had failed to allege "any specific instance" of a similar violation to establish a need for corrective training. *Id*.

The decisions in *Monell*, *Praprotnik,* and *Pembaur,* and the 30-plus years of their progeny require more stringent requirements to impose liability on a public entity than respondeat superior. In addition, *Iqbal* and *Twombly* proscribe the use of conclusory allegations to show a plausible claim, instead requiring factual allegations. Here, Plaintiff has utilized allegations which are exactly what the Court's decisions prohibit, warranting dismissal of Count II.

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned certifies that he conferred with Plaintiff's counsel on March 20, 2025, regarding the instant Motion and Plaintiff's counsel advised the Motion is opposed.

## CONCLUSION

For the foregoing reasons, Defendant, Sheriff Scotty Rhoden, in his official capacity, respectfully requests this Honorable Court grant the instant motion and dismiss Count II and award such other relief as the Court deems proper.

Dated this 20th day of March 2025.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**
Florida Bar No. 937975
E-mail: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorney for Sheriff Scotty Rhoden*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of March 2025, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to counsel of record, and to Deputy Prescott via electronic mail.

> */s/ Michael P. Spellman*
> **MICHAEL P. SPELLMAN**